UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| MARTIN CORNELIUS COX, | ) |
| Petitioner, | ) Civil No. 5:20-cv-00028-GFVT |
| v. | ) |
| FRANCISCO QUINTANA, Warden, | ) **MEMORANDUM OPINION** |
| | ) **&** |
| Respondent. | ) **ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Martin Cornelius Cox is a prisoner who was previously confined at the Federal Correctional Complex (FCC) in Yazoo City, Mississippi and is now incarcerated at the Federal Medical Center in Lexington, Kentucky. Proceeding without a lawyer, Cox filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which he challenges the imposition of disciplinary sanctions against him. [R. 1.] The Respondent filed a response to Cox's petition and Cox filed a reply brief. [R. 8; R. 13.] Therefore, Cox's petition is now ripe for a decision by this Court. For the reasons set forth below, the Court will **DENY** Cox's petition.

**I**

According to a Discipline Hearing Officer's (DHO's) report, in August 2016, while Cox was incarcerated at the FCC in Yazoo City, he mailed a signed document to Lieutenant Harris, one of the officers at the prison. [R. 8-4 at 3.] Cox titled the document "Affidavit of Demand," apparently made a reference to ten million dollars, and wrote the following to Lieutenant Harris: "If you don't pay or make payment arrangements . . . by ten days exclusive of the day of receipt, your property or rights to property may be seized or levied and applied to the amount you owe." *Id.* Cox then added: "If you don't pay or make payment arrangements, this notice may be filed

in the county recorder office in which your property is located in which you may find it difficult to sell or borrow against your property." *Id.*

After Lieutenant Harris received the document from Cox, the prison's special investigative services (SIS) department reviewed the matter. [*See* R. 8-1 at 2; R. 8-4 at 3.] Ultimately, a SIS technician found that Cox had mailed threatening communications to Lieutenant Harris via the U.S. Postal Service, in violation of prison rules. [*See* R. 8-1 at 3; R. 8-4 at 3.] Specifically, the SIS technician determined that Cox's statements amounted to threats against Lieutenant Harris's property and suggested an intent to damage his financial state and/or reputation. [*See* R. 8-1 at 3; R. 8-4 at 3.] As a result, the SIS technician completed an incident report and charged Cox with a Code 196 offense for allegedly using the mail for an illegal purpose. [*See* R. 8-4 at 6.]

On September 13, 2016, prison officials gave Cox a copy of the incident report and advised him of his rights at an upcoming disciplinary hearing. [*See* R. 8-1 at 3; R. 8-4 at 2.] According to evidence in the record, Cox indicated that he did not want a staff representative or witnesses to testify on his behalf unless they understood, in Cox's words, "Trust Law and the Rules of Equity." [R. 8-1 at 3–4, n. 1.] Cox then later told a unit disciplinary committee that Lieutenant Harris and others confiscated his personal property and further represented, among other things: "I made every effort to resolve this peacefully, a copy of the same document has already been sent to the President of the United States, and other various top government officials." [R. 8-1 at 4.] The unit disciplinary committee then referred the matter to a DHO for further proceedings.

A disciplinary hearing was held six days later. [*See* R. 8-4 at 2–5.] According to the DHO's report, Cox waived his right to have the assistance of a staff representative and did not request any witnesses. *Id.* at 2. Cox then denied the allegations and charge against him, saying

2

"I did not threaten him. It was a contract. I have closed my accounts with the [Bureau of Prisons]. The Administrative Remedy Program does not apply to me. I have not used the Administrative Remedy Program to get my property back." *Id.* The DHO considered this testimony, but he also reviewed the other evidence, including but not limited to the written statement of the reporting staff member and copies of the envelope and document Cox sent to Lieutenant Harris. [*See* R. 8-4 at 3–4 (discussing the evidence at length)]. In the end, the DHO found that the greater weight of the evidence supported the Code 196 charge against Cox. *See id.* at 4. Therefore, the DHO ordered that Cox lose 41 days of good conduct time and imposed other sanctions. *See id.* The DHO then advised Cox of his right to appeal the decision, and, on September 20, 2016, a copy of the DHO's report was delivered to Cox. *Id.* at 5.

Cox argues that he appealed the DHO's decision administratively within the Bureau of Prisons, but his efforts were unsuccessful. Cox then filed his § 2241 petition, and he asks the Court to grant him relief and restore the 41 days of good conduct time he lost. [*See* R. 1 at 8.]

**II**

The Court will assume, without deciding, that Cox has fully exhausted his administrative remedies; his habeas petition is nevertheless unavailing. For starters, despite Cox's claims to the contrary, he has not demonstrated that he was denied the various procedural protections that he was due. Under the law, Cox was entitled to advance notice of the charge against him, the opportunity to present evidence and witnesses in his defense, and a written decision explaining the grounds used to determine his guilt. *See Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974). Here, as discussed above, the record reflects that Cox received each of these procedural protections. Indeed, Cox received notice of the charge against him well in advance of his disciplinary hearing; he was given the opportunity to present evidence and witnesses in his defense; and prison officials provided him with a written decision explaining the grounds used to

3

determine his guilt. [*See* R. 8-1 at 3–5; R. 8-4 at 2–5.] Thus, Cox's claim that his due process rights were violated is simply unavailing.

The only remaining question then is whether there was "some evidence" in the record to support the DHO's decision in this case. *See Superintendent v. Hill*, 472 U.S. 445, 454 (1985); *Selby v. Caruso*, 734 F.3d 554, 558–59 (6th Cir. 2013). This is a very low threshold. After all, the Court does not examine the entire record or independently assess the credibility of witnesses. *Hill*, 472 U.S. at 455. Instead, the Court merely asks "whether there is *any* evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* at 455–56 (emphasis added); *see also Higgs v. Bland*, 888 F.2d 443, 448–49 (6th Cir. 1989) (discussing this standard).

In this case, there was certainly some evidence in the record to support the DHO's decision. Indeed, the DHO's report details the evidence in this case linking Cox to the offense in question, including but not limited to Cox's own statements, the statement made by the reporting officer, and the copies of the envelope and document Cox sent to Lieutenant Harris. [*See* R. 8-4 at 3–4]. This evidence was clearly enough to meet the very low threshold applicable here.[1] *See Hill*, 472 U.S. at 454.

### III

In conclusion, Cox has not demonstrated that he was denied the procedural protections he was due, and there was more than enough evidence to support the DHO's decision in this case. Accordingly, it is **ORDERED** as follows:

---

[1] Notably, in Cox's own reply brief, he appears to concede that he sent the correspondence in question and only argues that he "had no intention to extort" Lieutenant Harris. [R. 13 at 6, ¶¶ 5, 7]. Cox's argument regarding extortion, however, is unavailing. Again, the relevant inquiry is whether there was *any* evidence in the record to support the decision reached by the DHO. Since there was more than enough such evidence, Cox is not entitled to habeas relief.

1. Cox's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**;

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket; and

3. The Court will enter a corresponding Judgment.

This the 11th day of May, 2020.

Gregory F. Van Tatenhove
United States District Judge